# UNITED STATES COURT OF APPEALS

# FOR THE THIRD CIRCUIT

---

## C.A. NO. #16-2828

---

### DAVAUN BARNETT

**Appellant,**

v.

## PENN HILLS SCHOOL DISTRICT; PENN HILLS SCHOOL DISTRICT SCHOOL BOARD; Carl Barbarino, Jennifer Burgess- Johnson, Denise Graham-Shealy, Heather Hoolahan, Robert Hudak, Donald Kuhn, and John Zacchia

**Appellees.**

---

*BRIEF FOR APPELLANT AND JOINT APPENDIX VOLUME I*

Appeal from the May 18, 2016 Order by the Honorable Terrence F. McVerry of the District Court for the Western District of Pennsylvania granting Appellees Motion to Dismiss Appellant's Complaint at docket number 2:16-cv-00274-TFM.

---

**TODD M. MOSSER**
Attorney for Appellant Barnett
I.D. No. 87534

**MOSSER LEGAL, PLLC**
Suite 801
211 North 13th Street
Philadelphia, PA  19107
(215) 567-1220

# **TABLE OF CONTENTS**

TABLE OF CITATIONS ................................................................................................ ii

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ...........................1

STATEMENT OF ISSUES ............................................................................................1

STATEMENT OF RELATED CASES ..............................................................................2

STATEMENT OF THE CASE.........................................................................................2

STANDARDS OF REVIEW...........................................................................................4

ARGUMENT .............................................................................................................6

CONCLUSION..........................................................................................................22

CERTIFICATION OF BAR MEMBERSHIP ...................................................................22

CERTIFICATION OF WORD COUNT ..........................................................................23

CERTIFICATE OF SERVICE .......................................................................................23

CERTIFICATION OF IDENTICAL COMPLIANCE OF BRIEFS ..........................................24

CERTIFICATION OF VIRUS CHECK............................................................................24

APPENDIX VOLUME I ...........................................................................ATTACHMENT I

ii

# TABLE OF CITATIONS

## CASES

Alvin v. Suzuki, 227 F.3d 107, 120 (3rd Cir. 2000) ........................................... 12, 13

Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3rd Cir. 2006)............................. 5, 17 19

Ashcroft v. Iqbal, 556 U.S.............................................................................................. 5

Belas v. Juniata County Sch. Dist., 2005 U.S. Dist. LEXIS 36689 (M.D. 1995)... 16

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929

(2007).............................................................................................................................. 5

Butler v. Stover Brothers Trucking Co., 546 F.2d 544 (7th Cir. 1977) ...................... 9

Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and

Procedure §1487 (4th ed. 2010) ............................................................................ 6, 18

Chmielinski v. Mass. Office of the Comm'r of Prob., 513 F.3d 309, 2008 U.S.

App. LEXIS 1203, (1st Cir. Jan 22, 2008).............................................................. 15

Cleveland Bd. Of Educ. V. Loudermill, 470 U.S. 532, 546, 105 S. Ct. 1487, 84 L.

Ed. 2d 494 (1985) ..................................................................................................... 12

Fellner v. Tri-Union Seafoods, L.L.C., 539 F.3d 237, 242 (3rd Cir. 2008)............... 4

Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3rd Cir. 2009) ........ 4

Haefner v. N. Cornwall Twp., 40 Fed. Appx. 656, 658 (3rd Cir. 2002).................... 8

Hammond v. Chester Upland School District, 2014 U.S. Dist. LEXIS

at 12679 *20 ......................................................................................... 12

In re Braen, 94 B.R. 35 (D.N.J. 1988)..................................................... 9

In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434

(3rd Cir. 1997) ........................................................................... 6, 10, 18

In re Georgia Granite Co., Inc., 86 B.R. 733, 739 (Bkrtcy. N.D. Ga. 1988)..........9

L-Tec Electronics Corp. v. Cougar Electronic Organization, Inc., 198 F.3d 85, 88

(2d Cir. 1999).............................................................................. 8

Lake v. Arnold, 232 F.3d 360, 373 (3rd Cir. 2000).....................................17

Lorenz v. CSX Corp., 1 F. 3d 1406, 1414 (3rd Cir. 1993)............................17

Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3rd Cir. 1991)...................7

Luciani v. City of Phila., 643 Fed. Appx. 109 (3rd Cir. 2016).......................16

Mass. Sch. Of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 38 (1st

Cir. 1998)..................................................................................8

McDaniels v. Flick, 59 F.3d 446 (3rd Cir. 1995).......................................13

Moyer v. United Dominion Indus., 473 F.3d 532, 550 (3rd Cir. 2007)...............9

Newark Branch, NAACP v. Harrison, 907 F.2d 1408 (3rd Cir. 1990)..............19

New v. Principi, 2003 U.S. Dist. LEXIS 18158 *20 (E.D. Pa. 2003)................8

Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)...5

Purvis v. Oest, 614 F.3d 713 (7th Cir. 2010)......................................16, 21

Ryan v. Illinois Dep't of Children and Family Services, 185 F.3d 751 (7th Cir.

1999)......................................................................................12

Stivers v. Pierce, 71 F.3d 732 (9th Cir. 1995).......................................16, 21

United States v. Powell, 226 F.3d 1181, 1188 (10th Cir. 2000).....................16

Withrow v. Larkin, 421 U.S. 35, 46 (1975)............................................12

Woo v. Board of Educ. 1995 U.S. App. LEXIS 27535 (4th Cir. 1995)............16

Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971)……………………………………………………..5, 17

## STATUTES

28 U.S.C §§ 1331 and 1343……………………………………………………1

28 U.S.C. § 1291………………………………………………………………1

Fed. R. Civ. P. 12 (b)(6)……………………………………………………....5

Fed. R. Civ. P. 15 (a)(2)……………………………………………………....6

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The district court exercised jurisdiction over Appellant's (hereafter, "Barnett's'") claims pursuant to 28 USC §§ 1331 and 1343. Appellate jurisdiction lies in this Court as all of Barnett's federal claims were adjudicated by the District Court pursuant to its grant of Defendants' Motion to Dismiss. This appeal is thus from a final order and as such jurisdiction now exists in this Court pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1. Did the District Court err when it dismissed Barnett's claims against Penn Hills School District and Penn Hills School Board (the "Penn Hills Defendants") and the Individual Defendants in their official capacities pursuant to the doctrine of "issue preclusion" where Barnett's claims against them arose from evidence that was discovered after Barnett's appeal in the Commonwealth Court of Pennsylvania?

   *Suggested Answer*: YES.

2. Did the District Court err when it dismissed Barnett's claims for a denial of procedural and substantive due process against the

1

Individual Defendants in their personal capacities, where it held that

Barnett's post-termination process inoculated all Defendants from

instituting sham proceedings against Barnett?

> *Suggested Answer:* Yes.

3. Did the District Court err when it refused to allow Barnett leave to
   amend his Complaint where such an amendment could very easily
   have cured the reasons that the Court relied on for dismissal?

   > *Suggested Answer:*    YES.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

There are currently no cases or proceedings related to this matter

pending anywhere else.

## STATEMENT OF THE CASE

### A. Facts

Barnett was the Building Principal at the Linton Middle School in the Penn

Hills School District. His employment was terminated by Defendants after a

discrepancy was supposedly discovered regarding money his wife was allegedly

placed in charge of during a fund raiser that was organized and overseen by

Barnett. The Complaint details the ever-changing allegations made by Defendants,

which started with a claim that he stole money; then that he failed to account for it;

2

and then finally landed on the notion that he obfuscated the investigation into the missing money. JA Volume II at JA032-034.

Barnett pleaded in his Complaint that both the *Loudermill* hearing and then the more formal hearing that took place four to five months later were unfairly rigged against him. Barnett stands ready and willing to offer evidence that this was so. JA Volume II at JA034-36.

After Defendants terminated his employment, Barnett was unsuccessful in his appeals to the Secretary of Education and the Commonwealth Court. However, during the final stages of the appeals process, several key witnesses contacted Barnett and explained the inner machinations that Defendants went through on their way to terminating his employment. Of particular note is the fact that Defendants actually removed Barnett's salary from the District's budget before the *Loudermill* hearing, and well before the subsequent more formal hearing. JA Volume II at JA035-36

### B. Procedural History

Barnett filed a Complaint on March 9, 2016. All Defendants filed their Motion to Dismiss on April 16, 2016. After Barnett and Defendants briefed the issues raised therein, the District Court granted the Motion on May 18, 2016. The District Court did not allow Barnett leave to file an Amended Complaint.

## C.  Rulings Presented for Review

Barnett appeals the District Court's May 18, 2016 ruling that his claims against the Penn Hills Defendants and the Individual Defendants in their official capacities were barred by claim preclusion.  Barnett also appeals the District Court's dismissal of his federal due process claims against the Individual Defendants in their personal capacities on the grounds that their wrongdoing was inoculated by supposedly sufficient post-termination process.  Finally, Barnett appeals the District Court's refusal to grant him leave to amend his Complaint to cure the alleged defects that caused the dismissal of Barnett's action.  JA Volume I at JA04-022.

## STANDARDS OF REVIEW

"We exercise plenary review over a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6)." *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009). On motions to dismiss, "we accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of dismissal only if the pleading does not plausibly suggest an entitlement to relief." *Fellner v. Tri-Union Seafoods, L.L.C.*, 539 F.3d 237, 242 (3d Cir. 2008). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868

(2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955,

167 L. Ed. 2d 929 (2007)). "The plausibility standard is not akin to a 'probability

requirement,' but it asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* at 678 (*quoting Twombly*, 550 U.S. at 556). A claim meets the

plausibility standard "when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* Factual allegations need only "raise a right to relief above the

speculative level," *Twombly*, 550 U.S. at 555, though "we are not bound to accept

as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478

U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

Granting leave to amend is within the discretion of the district court. *Zenith

Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S. Ct. 795, 28 L.

Ed. 2d 77 (1971). Courts should "freely give leave" for a party to file an amended

pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This Court has stated

that leave "must generally be granted unless equitable considerations render it

otherwise unjust." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006)

(citation omitted). A court may deny leave to amend when "(1) the moving party

has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment

would be futile, or (3) the amendment would prejudice the other part[ies]." *Lake v.

*Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) ("In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by amendments previously allowed, or futility of amendment." (citation omitted)). To determine futility, this Court will apply the same analysis that would govern a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "'Futility" means that the complaint, as amended, would fail to state a claim upon which relief may be granted." *Id.* "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." *See,* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1487 (4th ed. 2010).

## ARGUMENT

### A. Summary of Argument

The District Court erred by finding that collateral estoppel applied because there was not an identity of claims that were adjudicated on the merits. The

The District Court also erred in dismissing Barnett's due process claims because the post-termination process did not cure the sham pre-termination process he was given.

Finally, the District Court erred by not granting Barnett leave to file his complaint because such amendments would not have been futile.

## B. Argument

### 1. Collateral Estoppel is Inapplicable.

The District Court held that the claims against the Penn Hills Defendants and the Individual defendants in their official capacities was barred by the doctrine of claim preclusion.  This was error.

The federal law of claim preclusion requires a defendant to show that there has been (1) a final judgment on the merits in a prior lawsuit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action. *See Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). Where these circumstances are shown, the subsequent suit is barred. A plaintiff must present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence. *Id.* at 965.

The basis of Barnett's claim is that, after being supplied with information from several insiders, he learned that the Defendants had pre-ordained his dismissal without giving him a chance to defend no matter what he said at his hearings. This specific claim was not litigated in any of the state court proceedings and was only discovered after his appeal to the Commonwealth Court had been

briefed. *See,* JA at JA035-36. Thus, there was no "final judgment on the merits" based on the "same cause of action."

Barnett could not have alleged the same allegations he makes here because he did not know of their existence during the pendency of the state court litigation. Claim preclusion is inapplicable "if the claim asserted in the second suit could not have been asserted in the first." *See, New v. Principi,* 2003 U.S. Dist. LEXIS 18158, *20 (E.D. Pa. 2003) *quoting* Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998).

Indeed, the newly discovered evidence that Barnett learned of in June 2015 is precisely the kind of evidence that should preclude the application of claim preclusion because there was simply no way for Barnett to have ever known to argue before the Secretary of Education that the whole process initiated against him was a sham.

Claim preclusion, however, applies even where new claims are based on newly discovered evidence, *unless* the evidence was either fraudulently concealed or it could not have been discovered with due diligence. *Haefner v. N. Cornwall Twp.,* 40 Fed. Appx. 656, 658 (3rd Cir. 2002) *citing L-Tec Electronics Corp. v. Cougar Electronic Organization, Inc.,* 198 F.3d 85, 88 (2d Cir. 1999).

The facts taken from Barnett's Complaint leave no doubt that he was unable to allege that his pre-termination "process" was pointless specifically because Defendants concealed from him that they were going to fire him no matter what he said, did, or proved. Moreover, Defendants have not, and cannot, plausibly aver that Barnett could have discovered this evidence before he did. Perhaps, hypothetically, Barnett could have suspected that the Defendants were biased against him, but the proof of same did not come until June 2015. In any event, when a party "should have known" something is a peculiarly factual question not proper for resolution on a motion to dismiss pursuant to F.R.C.P. 12(b)(6). *Accord, Moyer v. United Dominion Indus.*, 473 F.3d 532, 550 (3rd Cir. 2007)(when plaintiff knew or should have known of the cause of his injury was a fact question). Newly discovered evidence may preclude application of the collateral estoppel doctrine if the party against whom collateral estoppel is asserted was deprived of crucial evidence in the prior litigation without fault of his own." *See, In re Braen*, 94 B.R. 35 (D. N.J. 1988) *citing In re Georgia Granite Co., Inc.*, 86 B.R. 733, 739 (Bkrtcy. N.D. Ga. 1988). *See also Butler v. Stover Brothers Trucking Co.*, 546 F.2d 544 (7th Cir. 1977). That is the case here.

The lower court's characterization of Barnett's claim as "specious" is unfair for two reasons. First, the court's opinion on the veracity of Barnett's claim flies in the face of the standard of review. In deciding a motion to dismiss, a court must

take well-pleaded facts as true but need not credit a complaint's "bald assertions" or "legal conclusions." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3rd Cir. 1997)(citation omitted).  Barnett's claim that he has witnesses who are willing to come forward to describe Defendant's intractable bias against him is not a "legal conclusion" in any way.  Nor is it a "bald assertion"- Barnett obviously would not claim to have insiders as witnesses who are willing to expose Defendants' malfeasance unless he in fact had them.  Further, the fact that Barnett's salary was removed from the District's budget before he was actually terminated is likewise not a "legal conclusion" and is clearly not a "bald assertion." Rather, this is a concrete, provable fact.

The other problem with the District Court's patently factual finding is that, as described below, it wrongly answers questions that Barnett should have been allowed to address in an Amended Complaint with the actual truth.  Specifically, the removal of Barnett's salary from the budget is relevant because the salary was removed **from the following year's budget.**  This is a fact that was perhaps not clear in the Complaint but could very easily have been clarified in an Amended Complaint.  Equally true is the fact that, if necessary, Barnett could easily have provided more detail about his witnesses and what they are prepared to testify to.

In sum, collateral estoppel should not have barred this lawsuit.  Barnett could not have shed light on Defendants' ulterior motives during the state court

litigation, and now has the witnesses and the details to do so.  Thus, any suggestion

that the state court process adequately resolved the propriety of Barnett's

termination absent this new evidence is "specious."

2.    The District Court Erred by Dismissing the Complaint Against the
Penn Hills Defendants Based on Claim Preclusion.

The District Court held that the substance of Barnett's federal due process

claims were meritless in light of precedent from this Court, and as such dismissed

the claims against the Individual Defendants in their personal capacities.  That

precedent holds that a due process claimant's complaint must be dismissed where

he alleges that his fake pre-termination "process" is inoculated by fair post-

termination process.

In this case, Barnett's sham hearing before the School Board was, according

the District Court, cured by the Secretary of Educations' *de novo* review.  This

conclusion is in error because it runs contrary to other compelling precedent and

because the *de novo* review was tainted by the School Board's biased and unfair

hearing.

As a threshold matter, if pre-termination process is adequate even if it is

administered by a horribly biased entity that has already made up its mind, then it

is a totally irrelevant waste of time that should not even exist in the first place.

Indeed, "an impartial adjudicator is a basic requirement of due process."  *See,*

*Withrow v. Larkin,* 421 US 35, 46 (1975). Moreover, "[i]f the Constitution requires pre-determination procedures, the most thorough and fair post-termination hearing cannot undo the failure to provide such procedures." *See*, *Alvin v. Suzuki*, 227 F.3d 107, 120 (3rd Cir. 2000).

The parties agree that at the pre-termination stage, due process requires that "[t]he tenured public employee [receive] oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

Barnett never received an opportunity to "present his side of the story." As Barnett alleged in the Complaint, no matter what he would have said or what evidence he would have presented, Defendants had already made up their minds to fire him. Thus, Barnett was deprived of one of the basic requirements of *Loudermill* in that there was functionally no point to even having the pre-termination process that Defendants orchestrated because his "side of the story" was irrelevant. *See, e.g., Hammond v. Chester Upland School District*, 2014 U.S. Dist. Lexis at 12679 at *20 (E.D. Pa. 2014)(pre-termination process was inadequate because decision maker had already made up his mind prior to administering the process). *See also, Ryan v. Illinois Dep't of Children and Family Services*, 185 F.3d 751 (7th Cir. 1999)(a plaintiff who can introduce evidence that

the decision has already been made and that any pre-termination hearing would be a sham is entitled to go forward with a procedural due process claim). *Accord, Alvin v. Suzuki, supra* at 118 (when there is evidence that a procedure is a sham, the plaintiff need not even pursue it to state a due process claim)(citations omitted).

The lower court's reliance on *McDaniels v. Flick*, 59 F.3d 446 (3rd Cir. 1995) in support of the propositions that post-termination process renders pre-termination process irrelevant and that pre-termination process does not require an impartial adjudicator is, respectfully, off the mark.

First, this Court held in that case that:

> [A] discharged employee cannot claim in federal court that he has been denied due process because his pre-termination hearing was held by a biased individual *where he has not taken advantage of his right to a post-deprivation hearing before an impartial tribunal that can rectify any possible wrong committed by the initial decision-maker*.

Id. at 460 (emphasis added). Here, Barnett *did* seek review by the Secretary of Education and the Commonwealth Court. For this reason alone, *McDaniels* is inapposite.

The District Court ostensibly held that the highlighted text quoted above is *dicta*. It is not. A closer examination of this Court's holding in that case reveals that the crux of the rule announced was based on considerations that are not present here:

13

"[t]o require that the state ensure an impartial pre-termination hearing in every instance would as a practical matter require that termination decisions initially be made by an outside party rather than the employer as charges of bias always could be made following an in-house discharge. Not only is this procedure unduly cumbersome, but it also may be unreasonably invasive for the employee, who may want to keep the circumstances of his discharge private.[1] On the whole, we do not think that such excessive pre-termination precaution is necessary where the state provides a neutral tribunal at the post-termination stage that can resolve charges of improper motives."

*Id* at 469. But there was nothing "unduly cumbersome" about Barnett's expectation that the adjudicator of the charges against him would be unbiased. Moreover, as alleged in the Complaint, Barnett was not aware of the evidence of the Defendants' improper motives until well after the appeals process in the Commonwealth Court had begun. Thus, Barnett never had an opportunity to put to the Secretary of Education or the Commonwealth Court the evidence of Defendants' improper motives because he did not know them until after the state court appeals process. Thus, Barnett lost his opportunity to argue that the Defendants' motive for terminating him was not based on a legitimately true allegation, but rather a pretextual improper motive.

This is why Defendants' reliance on the Secretary of Education and the Commonwealth Court's review of Barnett's case is unavailing. True as it may be that the Secretary of Education conducted a *de novo* review, the fact remains that

---

[1] Barnett's interest in "keeping the charges private" was obliterated by the fact that the charges against him were widely reported in the Pittsburgh area press.

the record supplied to the Secretary was irreparably tainted by the Defendants' bias against him. Defendants hired someone to be the legal advisor to the Board and hearing officer, and that person was responsible for ruling on the admission of evidence and sustaining or overruling the parties' objections. As explained below, this resulted in the Hearing Officer allowing a sitting Board member to watch the testimony unfold (including Barnett's) and then to serve as witness to bolster Defendants' case and rebut Barnett's testimony. Ultimately, this witness' testimony was cited in the *de novo* review by the Secretary of Education. *See*, JA Vol. II at JA 328-30, 340, 342.

If Barnett's allegations of Defendants' bias were believed, as they should have been at this stage, then it is reasonable to infer that the "hearing officer" retained by Defendants shared their agenda. *See*, *Chmielinski v. Mass. Office of the Comm'r of Prob.*, 513 F.3d 309, 2008 U.S. App. LEXIS 1203, (1st Cir. Jan. 22, 2008)( "But that impartiality is not demanded does not itself determine whether bias can be so severe as to interfere with due process at the hearing itself... To demonstrate such a due process violation, however, the plaintiff would have to show that the alleged bias "deprived him of the opportunity to put his facts before the decision-maker, or that there was an error of primary facts in the grounds used for termination that could be explained only by bias"). Here, as explained below, Barnett's ability to argue his credibility before the Secretary of Education was

hindered by Defendant' bias such that her decision was influenced by the biased proceedings before the School Board.

Whether the Secretary of Education's review of this matter was influenced by the School Board's retained hearing officer's decision to allow someone charged with voting on Barnett's status to also testify against him should be viewed as a factual question that should have been decided by a jury, not a judge. *Accord, United States v. Powell*, 226 F.3d 1181, 1188 (10th Cir. 2000) ("Whether a juror was actually biased is a factual determination..."); *Stivers v. Pierce*, 71 F.3d 732 (9th Cir. 1995)(whether bias of adjudicator caused due process violation was a question of fact); *Purvis v. Oest*, 614 F.3d 713 (7th Cir. 2010)(whether the investigation was sufficiently neutral or influenced by the first decision-maker's bias was a question of fact). Consequently, the cases relied on by the District Court are inapposite because in none of those cases did the plaintiff aver that the post-termination review was infected with the bias of the pre-termination review. *See, Woo v. Board of Educ.*, 1995 U.S. App. LEXIS 27535 (4th Cir. 1995)(no allegation that post-termination process was affected by pre-termination bias); *Belas v. Juniata County Sch. Dist.*, 2005 U.S. Dist. LEXIS 36689 (M.D. 1995)(same); *Luciani v. City of Phila.*, 643 Fed. Appx. 109 (3rd Cir. 2016)(same). Thus, the District Court erred and remand is warranted.

3.    Barnett should have been allowed to file an Amended
       Complaint.

Barnett specifically asked the District Court for permission to file an

Amended Complaint in the event that it found his Complaint lacking any necessary

details. *See,* JA Vol. II at JA112-113. Granting leave to amend is within the

discretion of the district court. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401

U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971). Courts should "freely give

leave" for a party to file an amended pleading "when justice so requires." Fed. R.

Civ. P. 15(a)(2). This Court has stated that leave "must generally be granted unless

equitable considerations render it otherwise unjust." *Arthur v. Maersk, Inc.*, 434

F.3d 196, 204 (3d Cir. 2006) (citation omitted).

A court may deny leave to amend when "(1) the moving party has

demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would

be futile, or (3) the amendment would prejudice the other part[ies]." *Lake v.

Arnold*, 232 F.3d 360, 373 (3d Cir. 2000); *see also Lorenz v. CSX Corp.*, 1 F.3d

1406, 1414 (3d Cir. 1993) ("In the absence of substantial or undue prejudice,

denial instead must be based on bad faith or dilatory motives, truly undue or

unexplained delay, repeated failures to cure the deficiency by amendments

previously allowed, or futility of amendment." (citation omitted)).

To determine futility, this Court will apply the same analysis that would govern a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). "'Futility" means that the complaint, as amended, would fail to state a claim upon which relief may be granted." *Id.* "If a proposed amendment is not clearly futile, then denial of leave to amend is improper." *See,* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1487 (4th ed. 2010).

The District Court denied Barnett's request for leave to amend the Complaint, dismissed Barnett's claims, and in so doing made three crucial factual determinations that could have been clarified in an Amended Complaint.

First, the District Court characterized Barnett's claim that his salary was removed as "specious" because it completely misunderstood what the contours of that detail are. According to the District Court, Barnett obviously knew his salary was removed because he stopped getting paid. Regrettably, the Complaint could have contained a better explanation of what this fact actually is. Specifically, as told to Barnett by one of the witnesses who contacted him (who is actually a former School Board member), Barnett's salary was removed from the *next year's budget.* Thus, before Barnett even had his *Loudermill* hearing and his hearing before the School Board, Defendants had already decided that Barnett would be fired. This immutable evidence of the Defendants' bias is a compelling component

of Barnett's lawsuit. That the District Court doubted Barnett's initial factual averment on this point should have caused it to allow Barnett to amend his Complaint. *See, Newark Branch, NAACP v. Harrison*, 907 F.2d 1408 (3rd Cir. 1990)(where, as here, court dismissed complaint with prejudice, leave to amend should be granted where proposed amendment is not facially meritless).

Second, the District Court faulted Barnett for relying on the existence of unnamed Penn Hills insiders who told him in June 2015 that the School Board had pre-determined his fate before he was given a chance to defend himself. Given that leave to amend should be granted liberally, Barnett should have been allowed to amend his Complaint to include the specific names of these witnesses and what they told him both personally and through emails. *Accord, Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).

Finally, the District Court faulted Barnett for not more fully explaining how the *de novo* review by the Secretary of Education was deficient. Here again, Barnett had a valid amendment to make. Specifically, Board Member (and Defendant) Heather Hoohlihan sat on the Board that ultimately voted on Barnett's fate. She sat and observed all the testimony of Defendants witnesses and then Barnett's testimony as well. *See*, JA Vol II at JA230-244.

Substantively, a key issue in these proceedings was whether Barnett knew that the specific amount of $300 was missing when he was questioned about its whereabouts. Defendant's first witness, Lou Borgia, testified that he told Barnett about this specific amount. *See,* JA 142-145. Barnett denied having been told the specific amount of $300 having gone missing. *See,* JA at JA198. It was an important point because if the Secretary of Education believed that Barnett did not initially know the specific amount in question, then the existence of the receipts he had would have explained, and put in proper context, his initial responses to the inquiries. And so, the issue of whether Barnett knew from the start specifically that $300 was missing was the most important fact relative to the charge that he obscured Penn Hills' investigation.

Defendant Heather Hoolihan, a biased School Board member, testified in lockstep with Borgia and specifically claimed that Barnett's version of events was untrue. *See*, JA Vol. II at JA 328-30, 340, 342. True as it may be that she recused herself from the decision to fire Barnett, the fact remains that she was one of the people who had pre-ordained Barnett's fate. The hearing officer allowed her to testify despite having sat on the Board and having observed all the testimony so she could conform her claims to fit with Borgia's. This was done after Defendants' counsel had an off the record discussion in the out in the hallway in the middle of the hearing. The result was that the record created at the hearing

before the School Board included Hoohlihan's testimony which should not have been included. The Secretary of Education then cited Hoohlihan's testimony in support of her factual findings. In sum, had Hoohlihan not testified, the record reviewed *de novo* would have been different in that the credibility calculation between Barnett and Borgia would have been more of an even match. Hoohlihan's testimony, which was allowed because of the biased Defendants' and hearing officer's permission, thus tainted the Secretary of Education's *de novo* review. The existence of that bias and the effect thereof are questions that should be determined by a jury. *Accord, Stivers v. Pierce*, 71 F.3d 732 (9th Cir. 1995)(whether bias of adjudicator caused due process violation was a question of fact); *Purvis v. Oest*, 614 F.3d 713 (7th Cir. 2010)(whether the investigation was sufficiently neutral or influenced by the first decision-maker's bias was a question of fact). This is thus another example of how Barnett could have added factual context to the Complaint that would not have been futile.

Given the foregoing, Barnett should have, at a minimum, been allowed to amend his Complaint, as such amendments would not have been futile. If this Court determines that the Complaint was properly dismissed, it should nevertheless remand this matter and allow Barnett to file an Amended Complaint.

## CONCLUSION

Barnett respectfully requests that this Court reverse the District Court's order granting Defendants' motion to dismiss, or in the alternative remand this matter to allow Barnett to amend his Complaint.

RESPECTFULLY SUBMITTED

_____ / s / Todd M. Mosser _____
**TODD M. MOSSER**
**ATTORNEY ID #87534**
**211 North 13th Street, Suite 801**
**Philadelphia, PA 19107**
**todd@mosserlegal.com**
**Counsel for Appellant Davaun Barnett**

## CERTIFICATION OF BAR MEMBERSHIP

The undersigned hereby certifies that he is a member in good standing of the Bar of United States Court of Appeals for the Third Circuit.

RESPECTFULLY SUBMITTED

_____ /s/    Todd M. Mosser _
**TODD M. MOSSER**
**ATTORNEY ID #87534**

## <u>CERTIFICATION OF WORD COUNT</u>

The foregoing brief complies with this Court's rules relative to word count because it contains 4,990 words.

**RESPECTFULLY SUBMITTED**

**_____ /s/ Todd M. Mosser**
**TODD M. MOSSER**
**ATTORNEY ID #87534**

## <u>CERTIFICATE OF SERVICE</u>

The attached document was e-filed, this 28th Day of March, 2017, and served on all parties electronically through the e-filing system. Time stamped hard copies are also being mailed via first class mail to all counsel at their address of record.

**RESPECTFULLY SUBMITTED**

**_____ /s /Todd M. Mosser_____**
**TODD M. MOSSER**
**ATTORNEY ID #87534**

## CERTIFICATION OF IDENTICAL COMPLIANCE OF BRIEFS

The foregoing brief, which has been e-filed, is identical to the hard copies that are being filed with the Court and served on counsel.

RESPECTFULLY SUBMITTED

_____/s/  /Todd M. Mosser
**TODD M. MOSSER**
**ATTORNEY ID #87534**

## CERTIFICATION OF VIRUS CHECK

The foregoing document was scanned with MacAfee anti-virus software and no viruses were detected.

RESPECTFULLY SUBMITTED

_/s/_____/Todd M. Mosser
**TODD M. MOSSER**
**ATTORNEY ID #87534**

**ATTACHMENT I:  VOLUME I OF JOINT APPENDIX**

# UNITED STATES COURT OF APPEALS

# FOR THE THIRD CIRCUIT

---

## C.A. NO. #16-2828

---

## DAVAUN BARNETT

**Appellant,**

v.

## PENN HILLS SCHOOL DISTRICT; PENN HILLS SCHOOL DISTRICT SCHOOL BOARD; Carl Barbarino, Jennifer Burgess- Johnson, Denise Graham-Shealy, Heather Hoolahan, Robert Hudak, Donald Kuhn, and John Zacchia

**Appellees.**

---

### *JOINT APPENDIX VOLUME I*

---

Appeal from the May 18, 2016 Order by the Honorable Terrence F. McVerry of the District Court for the Western District of Pennsylvania granting Appellees Motion to Dismiss Appellant's Complaint at docket number 2:16-cv-00274-TFM.

---

**TODD M. MOSSER**
Attorney for Appellant Barnett
I.D. No. 87534

**MOSSER LEGAL, PLLC**
Suite 801
211 North 13th Street
Philadelphia, PA  19107
(215) 567-1220

# **TABLE OF CONTENTS**

Notice of Appeal                  JA001-JA003

District Court Order              JA004

District Court Opinion            JA005-023

Civil Docket Sheet                JA024-028

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

*DAVAUN BARNETT*

**PLAINTIFF**                                        **CIVIL ACTION NO: 2:16-00274**

v.

*PENN HILLS SCHOOL DISTRICT*                  **JURY DEMAND**

and

*PENN HILLS SCHOOL DISTRICT*
*SCHOOL BOARD*

and

Carl Barbarino, Jennifer Burgess- Johnson,

Denise Graham-Shealy, Heather Hoolahan,

Robert Hudak, Donald Kuhn, and John Zacchia

**DEFENDANTS**

## NOTICE OF APPEAL

**TO THE CLERK:**

Notice is hereby given that Plaintiff Davaun Barnett in the above named

case, hereby appeals to the United States Court of Appeals for the Third Circuit

from the final judgment entered on the 18th Day of May, 2016 in which the District

Court granted the Defendants' Motion to Dismiss the Complaint with prejudice.  A

copy of that Order is attached hereto.

1

Respectfully,

**/s/ Todd M. Mosser**
**TODD M. MOSSER, ESQUIRE**
Attorney ID 87534
2 Penn Center, Suite 1723
Philadelphia, PA 19102
215-567-1220
todd@mosserlegal.com
Date:  6/16/16

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing document was served this day on all counsel of record via the Western

District of Pennsylvania's e-filing system.


Respectfully,


/s/ Todd M. Mosser

TODD M. MOSSER, ESQUIRE

Attorney ID 87534

2 Penn Center, Suite 1723

Philadelphia, PA 19102

215-567-1220

todd@mosserlegal.com

Date:  6/16/16


3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVAUN BARNETT,** | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **2:16-cv-274** |
| | ) |
| **PENN HILLS SCHOOL DISTRICT, PENN** | ) |
| **HILLS SHOOL DISTRICT SCHOOL BOARD,** | ) |
| **CARL BARBARINO, JENNIFER BURGESS-** | ) |
| **JOHNSON, DENISE GRAHAM-SHEALY,** | ) |
| **HEATHER HOOLAHAN, ROBERT HUDAK,** | ) |
| **DONALD KUHN, and JOHN ZACCHIA,** | ) |
| **Defendants.** | ) |

## ORDER

AND NOW, this 18th day of May, 2016, in accordance with the foregoing Memorandum

Opinion, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that Defendants' **MOTION**

**TO DISMISS (ECF No. 14)** is **GRANTED.** Plaintiff's federal claims are dismissed with

prejudice, while his breach of contract claim is dismissed without prejudice to Plaintiff's ability

to refile it in the appropriate state court. Furthermore, Plaintiff's request for leave to amend is

**DENIED.**

The Clerk of Courts shall mark this case **CLOSED.**

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc:   **Todd Michael Mosser, Esq.**
Email: todd@mosserlegal.com

**Anthony G. Sanchez, Esq.**
Email: asanchez@sanchezlegalgroup.com
**Craig H. Alexander, Esq.**
Email: calexander@dicelaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVAUN BARNETT,<br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>PENN HILLS SCHOOL DISTRICT, PENN<br>HILLS SHOOL DISTRICT SCHOOL BOARD,<br>CARL BARBARINO, JENNIFER BURGESS-<br>JOHNSON, DENISE GRAHAM-SHEALY,<br>HEATHER HOOLAHAN, ROBERT HUDAK,<br>DONALD KUHN, and JOHN ZACCHIA,<br>　　　　　　　Defendants. | )<br>)<br>)<br>)　2:16-cv-274<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION

This is a civil rights action brought under 42 U.S.C. § 1983, in which the Plaintiff, Davaun Barnett, a former principal in the Penn Hills School District, challenges the circumstances surrounding his termination. Pending before the Court is the MOTION TO DISMISS (ECF No. 14) filed by Defendants, along with a brief in support (ECF No. 15). Plaintiff has filed a response in opposition thereto (ECF No. 17), and the motion is ripe for disposition.

I.　**Background**

Plaintiff was the building principal at Linton Middle School in the Penn Hills School District until his termination in August 2013. Compl. ¶ 15. The incident leading to his termination occurred on February 9, 2013, when the school held a "Star Wars"-themed fundraiser. *Id.* ¶ 16. A staff member who was collecting money at the door needed a break and was relieved by Plaintiff's wife. *Id.* ¶ 17. The staff member gave Plaintiff's wife $300.00 that had been collected for the fundraiser and told her to give the money to Plaintiff. The money has never been accounted for. *Id.*

1

Plaintiff learned about the missing funds for the first time on May 9, 2013, and told the School District that his wife would check if she had any receipts that could account for the money. *Id.* ¶ 18. "Plaintiff could only speculate as to what could have happened to the money," and so he asked the School District for a letter stating how much was "unaccounted for." *Id.* Four days later, the School District sent Plaintiff a "formal request to provide receipts/and [sic] or funds to address the discrepancy by May 20, 2013." *Id.* ¶ 19.

Before Plaintiff could respond, however, he "received notice of a *Loudermill* hearing" from the School District, which charged him with "[i]mproper personal or financial gain, where it is alleged that [he] may have retained school funds without permission." *Id.* ¶ 20 (internal quotation marks omitted). After the *Loudermill* hearing was held, the School District sent Plaintiff a "formal statement of charges and notice of hearing,"[1] in which Plaintiff claims that he was "charged with something new: 'failure to account for or return $300.000 (*Three Hundred Dollars*) placed in [his] trust through [his] wife.'" *Id.* ¶ 21.

A formal hearing was then conducted. Afterwards, the School Board made "no finding as to whether [Plaintiff] himself ever actually personally misappropriated the $300.00 cash given to [his wife]." *Id.* ¶ 22 (internal quotation marks omitted). But it went on to conclude that "Plaintiff had 'intentionally obfuscated' the District investigation into the missing funds by speculating about what could have happened to the money.'" *Id.* ¶ 23. Based on that finding, "the Board

---

1.    The Pennsylvania School Code sets forth the following procedure that must be followed before dismissing a tenured public school employee:

> Before any professional employe [sic] having attained a status of permanent tenure is dismissed by the board of school directors, such board of school directors shall furnish such professional employe with a detailed written statement of the charges upon which his or her proposed dismissal is based and shall conduct a hearing. A written notice signed by the president and attested by the secretary of the board of school directors shall be forwarded by registered mail to the professional employe setting forth the time and place when and where such professional employe will be given an opportunity to be heard either in person or by counsel, or both, before the board of school directors and setting forth a detailed statement of the charges.

24 P.S. § 11-1127.

recommended terminating Plaintiff's employment." *Id.* ¶ 24.

Plaintiff sought review of the School Board's decision with Pennsylvania's Acting Secretary of Education, who affirmed after conducting a *de novo* review. *Id.* ¶ 25. Plaintiff appealed that decision to the Pennsylvania Commonwealth Court,[2] arguing, among other things, that "his due process rights were violated when he was not notified that the basis of his immorality charge included allegations of misrepresentations prior to the Board hearing on the matter."[3] Commw. Ct. Opinion at 2, ECF No. 15-1. The court rejected that argument, finding that Plaintiff was given adequate notice of the charges against him and that his "defense was not prejudiced by being subjected to surprise charges." *Id.* at 19. The court also sided with the School District on the remaining issues and affirmed the decision of the Acting Secretary. *Id.*

Plaintiff alleges that while his appeal was pending, "and more specifically on or about June 2, 2015," he learned "that the 'process' through which" he was terminated "was an utter sham." *Id.* ¶ 27. In particular, he alleges that he "received a communication from a former Board member" saying "that the Board had decided to terminate [his] employment . . . long before it had magically molded the allegations against him to the supposed 'obfuscation' charge." *Id.* ¶ 28. As support for this assertion, Plaintiff points to the fact that the School Board "directed the

---

2.    The Court may take judicial notice of the Commonwealth Court's opinion, which Defendants attached as an exhibit to their brief, but only to "establish the existence of the opinion, not for the truth of the facts asserted" therein. *Lum v. Bank of Am.*, 361 F.3d 217, 222 (3d Cir. 2004), *abrogated in part on other grounds by Twombly*, 550 U.S. at 557.

3.    As the Commonwealth Court explained,

> [Plaintiff] was originally charged with three offenses: (I) immorality with respect to his failure to account for or return $300 placed in [his] trust through his wife . . . ; (II) willful neglect of duties with respect to failing to follow proper procedure pertaining to a bomb threat at the school; and (III) immorality with respect to alleged acts detailed in a protection from abuse petition.

Commw. Ct. Opinion at 2 n.1. Eventually, the School Board terminated Plaintiff on the basis of charges I and II. *Id.* On appeal, however, the Acting Secretary of Education found a lack of evidence in support of charge II and affirmed the School Board's decision to terminate Plaintiff "solely on the basis of charge I[.]" *Id.* The Commonwealth Court's decision, in turn, focused solely on the first charge. *Id.*

3

District to remove Plaintiff's salary from the District's budget" in May 2013, which "was well before Plaintiff's formal hearing in September and October 2013." *Id.* ¶¶ 29-30. Plaintiff also claims that since June 2015, he has received "other communications" confirming that his salary was removed from the School District's budget before his formal hearing was held. *Id.* ¶ 32. According to Plaintiff, "[s]everal witnesses are thus available and willing to testify to the fact that the 'process' afforded to [him] was irreparably tainted with the Board's pre-arranged agenda to terminate [his] employment." *Id.* ¶ 33.

Plaintiff filed this suit on March 9, 2016, alleging violations of procedural and substantive due process, along with conspiracy and various state-law claims.[4] In addition to the School District and School Board,[5] Plaintiff has named the members of the School Board – Carl Barbarino, Jennifer Burgess-Johnson, Denise Graham-Shealy, Heather Hoolahan, Robert Hudak, Donald Kuhn, and John Zacchia – as Defendants. The Defendants now move to dismiss all of the claims against them.

## II.    Legal Standard

"[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "does not impose a probability requirement." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). However, a pleading must show "more than a sheer possibility that a defendant

---

4.    Plaintiff has agreed to withdraw all of his state law claims, except his breach of contract claim against the School District. He has also agreed to withdraw his request for punitive damages on the breach of contract claim.

5.    The School Board "is a redundant party, as the School District itself (a named defendant) would ultimately be liable for any judgment entered against the Board[.]" *E.B. v. Woodland Hills Sch. Dist.*, No. CIV.A. 10-0442, 2010 WL 2817201, at *4 (W.D. Pa. July 16, 2010) (citations omitted); *see also Glickstein v. Neshaminy Sch. Dist.*, No. CIV. A. 96-6236, 1997 WL 660636, at *3 (E.D. Pa. Oct. 22, 1997) (holding that under Pennsylvania law, "a board of school directors is not generally amenable to suit").

4

acted unlawfully." *Iqbal*, 556 U.S. at 678.

## III.  Discussion

### A.  Preclusion

Defendants first contend that Plaintiff's "claims and the essential issues he raises . . . have already been determined by the Secretary of Education and the Commonwealth Court" and thus are barred by claim and issue preclusion.[6] Defs.' Br. at 3, ECF No. 15. As the Third Circuit Court of Appeals has explained,

> Issue preclusion, otherwise known as collateral estoppel, bars re-litigation of an issue identical to that in a prior action. Claim preclusion, often called *res judicata*, is broader in effect and prohibits reexamination not only of matters actually decided in the prior case, but also those that the parties might have, but did not, assert in that action.

*Edmundson v. Borough of Kennett Sq.*, 4 F.3d 186, 189 (3d Cir. 1993). "When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to the state judgment and, in section 1983 cases, apply the same preclusion rules as would the courts of that state." *Id.* (citations omitted).

### 1.  Claim Preclusion

Under the doctrine of claim preclusion, "[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995). For the doctrine to apply, "(1) the thing sued upon [,] (2) the cause of action[,] (3) the persons and parties to the action[,] and (4) the capacity of the parties to sue or be sued" must be the same in both actions. *R & J Holding Co. v. Redev. Auth. of Cnty. of Montgomery*, 670 F.3d 420, 427 (3d Cir. 2011) (citing *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (Pa. 1974)). If these

---

6.    Although these "are affirmative defenses, they may be raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Ray v. Fed. Ins. Co./Chubb*, No. CIV.A. 08-1807, 2008 WL 5272456, at *2 (E.D. Pa. Dec. 18, 2008) (citation omitted).

5

requirements are met, the doctrine will bar not just claims that were actually litigated, but also those that "could have been litigated during the first proceeding if they were part of the same cause of action." *Balent*, 669 A.2d at 313.

Instead of addressing these requirements in his response, Plaintiff argues that his claims are not barred because they are based on what he calls "newly discovered" evidence: i.e., that he learned that the Defendants had already decided to terminate him prior to his formal hearing while his appeal was pending, as evidenced by the Board's decision to "remove" his salary from the budget before the hearing was held. "[T]he Defendants' concealed bias," he argues, "could only have become knowable . . . by virtue of the fortuitous disclosure from several insiders who reached out to him after his termination was final." Pl.'s Br. at 5. "Consequently," he says, "the current distinct claim of a deprivation of due process could not have been presented any earlier than it has been." *Id.*

Plaintiff's argument seems rather specious. His allegation that an unidentified individual told him that Defendants had predetermined his fate before the formal hearing is nothing more than "a legal conclusion couched as a factual allegation," which need not be accepted as true. *Iqbal*, 556 U.S. at 678. Moreover, it strains credulity for him to suggest that he had no idea that his salary was "removed" (whatever that actually means) from the budget until June 2015. If his salary was "removed," then presumably he would have stopped receiving a paycheck from the School District. And certainly that would not have been lost on him at the time. In fact, according to the Commonwealth Court's opinion, Plaintiff's status was actually converted from "suspended with pay" to "suspended without pay" following the *Loudermill* hearing. Commw. Ct. Opinion at 4. So he had to have known that he was off the payroll, even if temporarily, long before he now claims. At any rate, this hardly shows that Plaintiff's fate was sealed prior to the

6

formal hearing, and even if it did, it would be legally irrelevant for reasons explained below.

That said, the Court is not convinced that Plaintiff's claims are completely barred by claim preclusion. The first two requirements are undoubtedly met with regard to all of the Defendants: the subject matter of the two actions is the same, and the constitutional issues raised herein could have been – and in fact were, to an extent – raised during Plaintiff's appeal to the Commonwealth Court. *See Lauer v. Millvale Area Sch. Dist.*, 657 A.2d 119, 120 (Pa. Commw. Ct. 1995) (explaining that the Commonwealth Court "must affirm the Secretary's order unless there is a violation of constitutional rights . . .").

The same cannot be said of the remaining two requirements, however. "Pennsylvania law . . . requires an identity of both the parties and the 'quality or capacity of the parties' in both actions for [claim preclusion] to apply." *Hill v. Barnacle*, 598 F. App'x 55, 58 (3d Cir. 2015) (quoting *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988)). Since the School District was a party to the state court proceedings, claim preclusion bars the claims against it. *Edmundson*, 4 F.3d at 191. It also bars the claims against the School Board members insofar as they are sued in their official capacities. *Gregory*, 843 F.2d at 120 ("[G]overnmental officials sued in their official capacities . . . are considered in privity with the governmental body[,]" so "[t]hey may invoke a judgment in favor of the governmental entity as may that body itself."). Claim preclusion, however, would not bar the claims against the individual Defendants insofar as they are sued in their individual capacities. *Edmundson*, 4 F.3d at 191 (citing *Gregory*, 843 F.2d at 120). Although Plaintiff has not specified the capacity in which the individual Defendants are named, since he seeks punitive damages, which "cannot be recovered from defendants in their official capacities," the Court "will assume he is suing [them] in their [individual] capacities." *Gregory*, 843 F.2d at 120. Therefore, even though Plaintiff may be barred from pursing his

claims against the School District and the official-capacity claims against the School Board members, he is not barred from pursuing claims against the individual Defendants in their individual capacities.

### 2.    Issue Preclusion

Still, the Court must determine whether the Commonwealth Court's findings are entitled to any preclusive effect in this case. *See Edmundson*, 4 F.3d at 191 (explaining that the court "must consider issue preclusion as it might be invoked by defendants in their individual capacities" even though they were not parties to the prior action). "Just as claim preclusion bars re-litigation of an entire case, issue preclusion bars re-litigation of discrete issues, even in a case based on an entirely different claim." *R & J Holding Co.*, 670 F.3d at 429. "The fundamental question is whether the issue has been *actually decided* by a court in a prior action." *Id.* (emphasis in original). Also, the party against whom the doctrine is asserted must have had a "full and fair opportunity to litigate" the issue. *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.3d 1064, 1073 (3d Cir. 1990).

Defendants argue that "[t]he issue of whether [Plaintiff] was properly terminated . . . has already been decided against [Plaintiff] by the Secretary of Education and the Commonwealth Court."[7] Defs.' Br. at 7. Thus, in their view, Plaintiff should be precluded from re-litigating the issue of whether the "reasons for his termination were valid or a pretext." *Id.*

The Court agrees. In his appeal to the Commonwealth Court,

[Plaintiff] raise[d] three issues: (1) that the Secretary's finding that he deliberately misrepresented what happened to the money was not supported by substantial

---

7.    Defendants do not differentiate between Plaintiff's appeal to the Acting Secretary of Education and his appeal to the Commonwealth Court in making their argument on issue preclusion. Because the Acting Secretary's decision was reviewed by the Commonwealth Court, it would be entitled to preclusive effect. Edmundson, 4 F.3d at 189. However the Court has not been provided with a copy of the Acting Secretary's decision. Thus, a comparison of the issues decided therein and the issues raised here is not possible. Instead, the Court will focus on what effect, if any, to be given to the Commonwealth Court's decision.

evidence; (2) that the Secretary's legal conclusion that his action offended the morals of the community was not proved by the District; and (3) that his Due Process rights were deprived when he was discharged for immorality based on misrepresentations when he was never notified that making misrepresentations was the basis for his immorality charge.

Commw. Ct. Opinion at 12. Each of these issues was actually litigated and decided against Plaintiff, *id.* at 14, 16, 19, and he has not plausibly alleged that he did not have a "full and fair opportunity" to litigate in state court. Thus, "[i]t follows that the determination that [Plaintiff] was dismissed for cause under state law cannot be relitigated in [this] proceeding." *Bradley*, 913 F.2d at 1073.

From Defendants' perspective, this determination is fatal to each of Plaintiff's claims. Defs.' Br. at 7 ("Thus, if Barnett's termination was proper, all of his claims fail."). That is not necessarily true. Instead, the Court must independently "examine [Plaintiff's] federal claims in light of" the holding "as to preclusion" to determine whether they are viable. *Bradley*, 913 F.2d at 1073.

**B.      Timeliness**

Defendants argue, in the alternative, that Plaintiff's § 1983 claims are time-barred. According to Defendants, Plaintiff's claims accrued on the November 25, 2013, the date on which he was terminated, and are governed by a two-year statute of limitations, *see Anderson v. Morrow*, No. 06CV0759, 2006 WL 2136547, at *2 (W.D. Pa. July 28, 2006). Since this action was not initiated until March 9, 2016, Defendants argue that it should be dismissed as untimely. Plaintiff has not offered any response to Defendants' argument.

Be that as it may, the Court is reluctant to dismiss Plaintiff's claims on this basis. For one thing, Defendants' argument, such as it is, consists of a single, four-sentence paragraph tucked at the end of their 19-page brief, and it does not meaningfully address when Plaintiff's claim

9

accrued or whether there could be any basis for tolling the statute of limitations. Such a perfunctory argument need not even be considered by the Court. *Sunseri v. Proctor*, 461 F. Supp. 2d 551, 573 (E.D. Mich. 2006) (citation omitted).

For another thing, Defendants assume that both of Plaintiff's federal claims accrued on the date of his termination, but the Court is not entirely convinced that is accurate. While Plaintiff's substantive due process claim accrued on the date of his termination and thus is likely time-barred, *see McKinney v. Pate*, 20 F.3d 1550, 1556-57 (11th Cir. 1994), a reasonable argument could be made that Plaintiff's procedural due process claim did not accrue until his appeal to the Commonwealth Court was denied. "[A] section 1983 claim accrues at the time when the injury is sustained – that is, 'when the plaintiff has a complete and present cause of action.'" *Koehnke v. City of McKeesport*, 350 F. App'x 720, 723 (3d Cir. 2009) (quoting *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). As the Third Circuit Court of Appeals has recognized, "[a] due process violation 'is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.'" *Alvin v. Suzuki*, 227 F.3d 107, 116 (3d Cir. 2000) (quoting *Zinermon v. Burch*, 494 U.S. 113, 126 (1990)). Therefore, "[i]n order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable or patently inadequate." *Id.* As required, Plaintiff availed himself of the procedures that Pennsylvania afforded him to challenge his termination, and he is claiming that all of those procedures were deficient. It would seem, then, that his procedural due process claim did not accrue until the conclusion of those procedures. If that is the case, then this claim would be timely.

At the end of the day, though, the Court need not resolve this somewhat thorny question, which has not been meaningfully briefed by the parties. It suffices to say that Defendant has not

10

shown that it is clear from the face of the complaint that Plaintiff's claims are time-barred. *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (noting that a court may not dismiss a complaint as untimely under Rule 12(b)(6) unless the untimeliness is apparent from the complaint). In view of that, the Court will address the issues presented on their merits.

### C.   Merits

#### 1.   Procedural Due Process

The gravamen of Plaintiff's procedural due process claim is that "the *Loudermill* hearing and the formal hearing thereafter [were] rigged against [him], as the Defendants had already decided to terminate his employment before [he] was afforded an opportunity to defend himself." Compl. ¶ 39. This particular due process argument was not raised before the Commonwealth Court, so it is not barred by issue preclusion. Nevertheless, Defendants argue that this claim fails on its merits because, no matter whether the pre-deprivation hearings were predetermined or filled with bias, Plaintiff was provided with constitutionally adequate post-deprivation procedures. Defs.' Br. at 9 (citing *Dykes v. Southeastern Penn. Transp. Auth.*, 68 F.3d 1564, 1571 (3d Cir. 1995); *McDaniels v. Flick*, 59 F.3d 446 (3d Cir. 1995)). Plaintiff counters that he can state a valid claim by alleging that the pre-termination proceedings were a sham.

Defendants have the better side of this argument. There is no dispute that under *Cleveland Board of Education v. Loudermill*, Plaintiff was "entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story" before being terminated. 470 U.S. 532, 546 (1985). The pretermination procedures afforded to Plaintiff not only met, but also exceeded these requirements. As he acknowledges in his complaint, he received the requisite *Loudermill* notice in May 2013, which adequately set forth the charges against him. *See McDaniels*, 59 F.3d at 457

11

(holding that "pretermination notice of the charges and evidence against an employee need not be in great detail as long as it allows the employee the opportunity to determine what facts, if any, within his knowledge might be presented in mitigation of or in denial of the charges") (quotation omitted). The notice was followed by an informal hearing. Thereafter, he received a formal statement of the charges against him, which the Commonwealth Court has already determined was constitutionally adequate notwithstanding Plaintiff's contentions to the contrary. A full-fledged hearing was then conducted. This is all the pre-termination process that was due.[8]

Even if one accepts Plaintiff's allegations that these procedures were infected with bias, "[d]ue process does not require a neutral, impartial decision-maker during the pre-termination hearing, provided the terminated employee has adequate post-termination proceedings before an impartial decision-maker." *Deluzio v. Monroe Cnty.*, No. 3:CV-00-1220, 2006 WL 3098033, at *16 (M.D. Pa. Oct. 30, 2006) (citing *McDaniels*, 59 F.3d at 460). As previously noted, such proceedings were in fact provided to Plaintiff, and he took advantage of them, appealing his decision to the Acting Secretary, who conducted a *de novo* review, and the Commonwealth Court, which could have reversed the Acting Secretary's decision if it found a violation of Plaintiff's constitutional rights, an error of law, or that the Acting Secretary's findings were not supported by substantial evidence. *See Lauer*, 657 A.2d at 120. As a result, his procedural due process claim is not viable. *See, e.g., Woo v. Bd. of Educ. for Cnty. of Putnam*, No. 94-2172, 1995 WL 568484, at *1 (4th Cir. Sept. 27, 1995) (rejecting the plaintiff's allegation that he was

---

8.    As explained by the Commonwealth Court and noted elsewhere in this Opinion, Plaintiff was actually subject to two separate disciplinary actions prior to his termination. He was first suspended "with pay pending the outcome of disciplinary proceedings." Commw. Ct. Opinion at 4. "After the *Loudermill* hearing," Plaintiff's "suspension was converted to a suspension without pay and the matter was referred to the Board." *Id.* Plaintiff has not differentiated between these two actions, however. That is to say, he has not contended that he was entitled to any additional process prior to being suspended with pay. Nor has he claimed that the procedures that preceded his suspension without pay were constitutionally inadequate. It would seem at any rate that such a challenge would fail, as Plaintiff was provided notice and a hearing beforehand. *See Schmidt v. Creedon*, 639 F.3d 587, 597 (3d Cir. 2011) (holding that "absent extraordinary circumstances, due process requires notice and a hearing prior to suspension without pay").

denied due process where "members of Board of Education . . . decided prior to the hearing that they would terminate" him because he "received notice, an opportunity to respond at the hearing and later availed himself of the post-termination administrative procedures"); *Belas v. Juniata Cnty. Sch. Dist.*, No. 1: CV-04-505, 2005 WL 2100666, at *7-8 (M.D. Pa. Aug. 25, 2005), *aff'd*, No. 05-4385, 2006 WL 2974128 (3d Cir. Oct. 18, 2006) (holding that the plaintiff's due process rights were not violated where she asserted that the defendant "did not fairly consider her responses due to his bias" since she could "redress any improper bias on the part of [the defendant] during her hearing before the publicly elected members of the School Board, as well as on *de novo* review with the Pennsylvania Secretary of Education and thereafter in a Commonwealth Court").

Plaintiff's reliance on *Ryan v. Illinois Department of Children and Family Services*, 185 F.3d 751 (7th Cir. 1999), does not convince the Court otherwise. To be sure, the Seventh Circuit held in *Ryan* that "[a] plaintiff who can introduce evidence that the decision has already been made and any hearing would be a sham is entitled to go forward with a procedural due process claim." *Id.* at 762. But this holding runs headlong into the reasoning in *McDaniels*, where our Court of Appeals rejected the plaintiff's argument "that the district court erred in refusing to allow him to show at trial that the pretermination procedure afforded him was a sham." 59 F.3d at 458; *see also Luciani v. City of Philadelphia*, No. CIV.A. 10-2918, 2013 WL 5468000, at *11 (E.D. Pa. Oct. 1, 2013), *aff'd*, No. 13-4077, 2016 WL 861042 (3d Cir. Mar. 7, 2016) (rejecting the plaintiff's reliance on *Ryan* as inconsistent with "the rule set forth in *McDaniels*"). *McDaniels* makes clear that as long as adequate post-termination procedures are available, the fact "that the pre-termination hearing to which [Plaintiff] was subjected had a predetermined outcome is ultimately immaterial to his procedural due process claim." *Id.* at *2.

13

The quotation from *Alvin*, 227 F.3d at 120, upon which Plaintiff relies – "[i]f the Constitution requires pre-termination procedures, the most thorough and fair post-termination hearing cannot undo the failure to provide such procedures" – is likewise inapposite. The Court of Appeals made that statement while discussing whether the plaintiff in that case was entitled to *any* pre-deprivation process. Ultimately, the court held that none was required because "there was simply no factual dispute that a pre-deprivation notice or hearing could have addressed." *Id.* at 121. In this case, by contrast, the requisite pre-termination process was actually provided.

Equally unavailing is Plaintiff's attempt to distinguish *McDaniels*. True, Plaintiff actually did seek review of his termination with the Acting Secretary and the Commonwealth Court, whereas the plaintiff in *McDaniels* failed to use the procedures available to him under Pennsylvania law. However, Plaintiff has not explained why that should make a difference. If anything, that he sought and obtained review in state court, which provided him additional opportunities to be heard and "to have any errors corrected," would tend to further undermine his claim, not support it. *See Robinson v. City of Philadelphia*, 491 F. App'x 295, 300 (3d Cir. 2012) (applying *McDaniels* where the plaintiff appealed his lay off to the civil service commission, the Court of Common Pleas, and the Commonwealth Court).

Assuming that Plaintiff could possibly state a claim under *Ryan*, he has not plausibly alleged that the Defendants were actually biased against him in such a way that he was denied a meaningful opportunity to be heard or to put his version of events before Defendants at the pretermination hearings. *See Ryan*, 185 F.3d at 762 ("That at the start of the hearing the agency decisionmakers tentatively believe the employee should be removed does not raise a constitutional problem . . . so long as the decisionmakers are open to other views."); *Chmielinski v. Massachusetts*, 513 F.3d 309, 318 (1st Cir. 2008) (explaining that "bias" must be "so severe as

14

to interfere with the due process hearing itself" such that the plaintiff is "deprived . . . of the opportunity to put his version of the facts before the decisionmaker"). He formulaically pleads that the "process . . . was an utter sham," "that the Board had decided to terminate [him] . . . long before it had magically molded the allegations against him," and that several unidentified "insiders" are "willing to testify to the fact that the 'process' afforded to [him] was irreparably tainted with the Board's pre-arranged agenda." Compl. ¶¶ 27-28, 32-33. But these are just "naked assertion[s]" without any "factual enhancement" that do not move Plaintiff's claim across the plausibility threshold. *Twombly*, 550 U.S. at 557. Although Plaintiff claims that the reasons for his termination shifted over time, the Commonwealth Court rejected that argument, finding that the notice he was provided was adequate and that the reasons for his termination remained consistent over time. He is bound by that finding. Likewise, while he claims that the School Board's decision to "remove" his pay from the budget prior to the formal hearing shows the Board's bias, the Court fails to see how that is so. That the Board suspended Plaintiff's pay in the interim period does not, on its own, show that the Board was unwilling to listen to Plaintiff's defense or not "open to other views." *Ryan*, 185 F.3d at 762. The Court also rejects Plaintiff's contention – raised for the first time in his response to Defendants' motion – that the alleged bias at the pre-termination stage spilled over into the post-termination procedures he was afforded under Pennsylvania law. He argues that the "record supplied to the Secretary [of Education] was irreparably tainted by the Defendants' bias[,]" but he has not pointed to any examples of how the alleged bias actually affected those proceedings. In sum, then, Plaintiff's procedural due process claim will be dismissed.

### 2. Substantive Due Process

Turning now to Plaintiff's substantive due process claim, he alleges that "Defendants'

15

conduct was arbitrary and capricious and deprived [him] of his property and liberty interests . . . and his substantive due process rights afforded to him under the Fourteenth Amendment[.]" Compl. ¶ 49. This claim fails as a matter of law.

"[T]o prevail on a substantive due process claim, 'a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and [that] the government's deprivation of that protected interest shocks the conscience.'" *Chambers ex rel. Chambers v. Sch. Dist. of Philadelphia Bd. of Educ.*, 587 F.3d 176, 190 (3d Cir. 2009) (quoting *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008)). According to Plaintiff, the interests at stake here are his "property interest in his right to perform professional services as a Principal" and his "liberty interest in his good name and reputation[.]" Compl. ¶ 49. The Third Circuit Court of Appeals, however, has held that public employment is not a "fundamental property interest entitled to substantive due process protection." *Nicholas v. Penn. State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000) (citations omitted). And "[t]o the extent [Plaintiff's] substantive due process claim [is] based not only on loss of his job, but also on reputational injury that decreased his 'ability to earn a living,' it also fails[,]" *Hill v. Borough of Kutztown*, 455 F.3d 225, 235 n.12 (3d Cir. 2006) (citing *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 399–404 (3d Cir. 2000)), because "defamation or harm to reputation is likewise outside the scope of substantive due process protection[,]" *Ostrowski v. D'Andrea*, No. CV 3:14-CV-00429, 2015 WL 10434888, at *5 (M.D. Pa. Aug. 11, 2015).

Assuming, *arguendo*, that Plaintiff does have a protected interest in his employment or his reputation, this claim would nonetheless fail. Because the Court has "already determined that preclusive effect must be given to the [Commonwealth Court's] finding that [D]efendants could properly terminate [Plaintiff]," the Court "cannot say that the firing was so arbitrary and

16

capricious as to violate substantive due process." *Bradley*, 913 F.2d at 1078. Accordingly, Plaintiff's substantive due process claim will be dismissed.

### 3.    Conspiracy

Section 1983 "does not provide a cause of action *per se* for conspiracy to deprive one of a constitutional right." *Defeo v. Sill*, 810 F. Supp. 648, 658 (E.D. Pa. 1993). Rather, "the function of conspiracy doctrine" in a § 1983 action "is merely to yoke particular individuals to the specific torts charged in the complaint." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). Thus, where, as here, a plaintiff has not succeeded in pleading an underlying constitutional violation, any claim for conspiracy must also be dismissed. *See White v. Brown*, 408 F. App'x 595, 599 (3d Cir. 2010) ("[T]he District Court properly granted summary judgment on [plaintiff's] conspiracy claims because [he] cannot establish an underlying violation of his constitutional rights.").

### D.    State Law Claim

When the Court "has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction" over any remaining state law claims. 28 U.S.C. § 1367(c)(3). The Court's decision in this regard is "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640 (2009). But "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Such is the case here. Plaintiff's breach of contract claim will therefore be dismissed without prejudice. *Resnick v. Lower Burrell Police Dep't*, No. CIV.A. 09-893, 2010 WL 88816, at *3 (W.D. Pa. Jan. 8, 2010) (explaining that whenever the court declines to exercise

17

supplemental jurisdiction, "the proper course is for the court to dismiss the state law claims, without prejudice").

### E.    Leave to Amend

Ordinarily, if a civil rights complaint is subject to dismissal under Rule 12(b)(6), the Court must permit a curative amendment. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). However, leave to amend need not be granted if doing so would be futile. *Id.* The futility of granting Plaintiff leave to amend is apparent. Plaintiff's claims against the School District and the individual Defendants in their official capacities are barred by claim preclusion. Meanwhile, the claims against the individual Defendants fail in such a way that no amount of revision or factual elaboration could make them legally viable. Simply put, Plaintiff was afforded all the process he was entitled to, and he lacks any interest protected by the substantive due process clause. Consequently, his request for leave to amend will be denied.

### IV.    Conclusion

For the reasons hereinabove stated, Defendants' motion to dismiss will be granted. Plaintiff's federal claims will be dismissed with prejudice, and the Court will decline to exercise supplemental jurisdiction over his breach of contract claim, which will be dismissed without prejudice. An appropriate order follows.

McVerry, S.J.

18

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVAUN BARNETT, | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) 2:16-cv-274 |
| | ) |
| PENN HILLS SCHOOL DISTRICT, PENN | ) |
| HILLS SHOOL DISTRICT SCHOOL BOARD, | ) |
| CARL BARBARINO, JENNIFER BURGESS- | ) |
| JOHNSON, DENISE GRAHAM-SHEALY, | ) |
| HEATHER HOOLAHAN, ROBERT HUDAK, | ) |
| DONALD KUHN, and JOHN ZACCHIA, | ) |
|      Defendants. | ) |

### ORDER

**AND NOW**, this 18th day of May, 2016, in accordance with the foregoing Memorandum

Opinion, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that Defendants' **MOTION**

**TO DISMISS** (ECF No. 14) is **GRANTED.** Plaintiff's federal claims are dismissed with

prejudice, while his breach of contract claim is dismissed without prejudice to Plaintiff's ability

to refile it in the appropriate state court. Furthermore, Plaintiff's request for leave to amend is

**DENIED.**

The Clerk of Courts shall mark this case **CLOSED.**

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc:   **Todd Michael Mosser, Esq.**
       Email: todd@mosserlegal.com

       **Anthony G. Sanchez, Esq.**
       Email: asanchez@sanchezlegalgroup.com
       **Craig H. Alexander, Esq.**
       Email: calexander@dicelaw.com

APPEAL,CLOSED

## U.S. District Court
### Western District of Pennsylvania (Pittsburgh)
### CIVIL DOCKET FOR CASE #: 2:16-cv-00274-TFM

BARNETT v. PENN HILLS SCHOOL DISTRICT et al                 Date Filed: 03/09/2016
Assigned to: Judge Terrence F. McVerry                      Date Terminated: 05/18/2016
Case in other court: Third Circuit, 16-02828               Jury Demand: Plaintiff
Cause: 42:1983 Civil Rights Act                            Nature of Suit: 440 Civil Rights: Other
                                                           Jurisdiction: Federal Question

**Plaintiff**

**DAVAUN BARNETT**                        represented by   **Todd Michael Mosser**
                                                           Mosser Legal, PLLC
                                                           1500 JFK Blvd
                                                           Suite 1723
                                                           Philadelphia, PA 19102
                                                           215-567-1220
                                                           Email: todd@mosserlegal.com
                                                           *LEAD ATTORNEY*
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**PENN HILLS SCHOOL DISTRICT**            represented by   **Anthony G. Sanchez**
                                                           Sanchez Legal Group, LLC
                                                           301 Castle Shannon Blvd.
                                                           Pittsburgh, PA 15234
                                                           (412) 668-2000
                                                           Fax: (412) 668-2011
                                                           Email: asanchez@sanchezlegalgroup.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Craig H. Alexander**
                                                           Bruce E. Dice & Associates
                                                           787 Pine Valley Drive
                                                           Suite E
                                                           Pittsburgh, PA 15239-2842
                                                           (724) 733-3080
                                                           Email: calexander@dicelaw.com
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**PENN HILLS SHOOL DISTRICT**             represented by   **Anthony G. Sanchez**
**SCHOOL BOARD**                                           (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                              **Craig H. Alexander**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Defendant**
**CARL BARBARINO**                represented by  **Anthony G. Sanchez**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Craig H. Alexander**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Defendant**
**JENNIFER BURGESS-JOHNSON**      represented by  **Anthony G. Sanchez**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Craig H. Alexander**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Defendant**
**DENISE GRAHAM-SHEALY**          represented by  **Anthony G. Sanchez**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Craig H. Alexander**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Defendant**
**HEATHER HOOLAHAN**              represented by  **Anthony G. Sanchez**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Craig H. Alexander**
                                              (See above for address)
                                              *ATTORNEY TO BE NOTICED*

**Defendant**
**ROBERT HUDAK**                  represented by  **Anthony G. Sanchez**
                                              (See above for address)
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

                                              **Craig H. Alexander**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**DONALD KUHN**                   represented by   **Anthony G. Sanchez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig H. Alexander**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**
**JOHN ZACCHIA**                  represented by   **Anthony G. Sanchez**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Craig H. Alexander**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/09/2016 | 1 | COMPLAINT against CARL BARBARINO, JENNIFER BURGESS-JOHNSON, DENISE GRAHAM-SHEALY, HEATHER HOOLAHAN, ROBERT HUDAK, DONALD KUHN, PENN HILLS SCHOOL DISTRICT, PENN HILLS SHOOL DISTRICT SCHOOL BOARD, JOHN ZACCHIA (Filing fee, including Administrative fee, $400, receipt number 0315-3888639), filed by DAVAUN BARNETT. (Attachments: # 1 Civil Cover Sheet) (jv) (Entered: 03/09/2016) |
| 03/10/2016 | 2 | NOTICE that instant civil action has been designated for placement into the United States District Court's Alternative Dispute Resolution program. Parties are directed to fully complete the required 26(f) report, which includes the stipulation of selecting an ADR process. Counsel for plaintiff (or in the case of a removal action, counsel for removing defendant) shall make service of the notice on all parties. (kly) (Entered: 03/10/2016) |
| 03/10/2016 | 4 | PRAECIPE to Issue Summons by DAVAUN BARNETT (Attachments: # 1 Summons) (Mosser, Todd) (Entered: 03/10/2016) |
| 03/10/2016 | 5 | Summons Issued as to *CARL BARBARINO, JENNIFER BURGESS-JOHNSON, DENISE GRAHAM-SHEALY, HEATHER HOOLAHAN, ROBERT HUDAK, DONALD KUHN, PENN HILLS SCHOOL DISTRICT, PENN HILLS SHOOL DISTRICT SCHOOL BOARD, JOHN ZACCHIA* (mjl) (Entered: 03/10/2016) |
| 03/11/2016 | 6 | First MOTION for attorney Todd Michael Mosser to Appear Pro Hac Vice, *on behalf of Plaintiff* (Filing fee $40, Receipt # 0315-3891410) by DAVAUN BARNETT. (Attachments: # 1 Affidavit) (Mosser, Todd) (Entered: 03/11/2016) |
| 03/11/2016 | 7 | TEXT ORDER granting 6 Motion for Todd Michael Mosser, Esquire to Appear Pro Hac Vice. Signed by Judge Terrence F. McVerry on 3/11/2016. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kly) (Entered: 03/11/2016) |

| 03/14/2016 | | CLERK'S OFFICE QUALITY CONTROL MESSAGE re 6 Motion to Appear Pro Hac Vice. ERROR: Proposed Order was made part of main document. CORRECTION: Attorney advised that in future proposed orders are to be made attachments to the main document. This message is for informational purposes only. (jv) (Entered: 03/14/2016) |
|---|---|---|
| 03/30/2016 | 8 | NOTICE of Appearance by Craig H. Alexander on behalf of JENNIFER BURGESS-JOHNSON, DENISE GRAHAM-SHEALY, HEATHER HOOLAHAN, ROBERT HUDAK, DONALD KUHN, PENN HILLS SCHOOL DISTRICT. (Alexander, Craig) (Entered: 03/30/2016) |
| 03/30/2016 | 9 | NOTICE of Appearance by Craig H. Alexander on behalf of CARL BARBARINO. (Alexander, Craig) (Entered: 03/30/2016) |
| 03/30/2016 | 10 | First MOTION for Extension of Time to File Response/Reply as to 1 Complaint, *filed by* CARL BARBARINO, JENNIFER BURGESS-JOHNSON, DENISE GRAHAM-SHEALY, HEATHER HOOLAHAN, ROBERT HUDAK, DONALD KUHN, PENN HILLS SCHOOL DISTRICT, PENN HILLS SHOOL DISTRICT SCHOOL BOARD, JOHN ZACCHIA. (Attachments: # 1 Proposed Order) (Alexander, Craig) (Entered: 03/30/2016) |
| 03/31/2016 | 11 | TEXT ORDER denying as moot 10 Motion for Extension of Time to File Response/Reply to Complaint. No proof of service or answer due date has been docketed. Signed by Judge Terrence F. McVerry on 3/31/2016. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kly) (Entered: 03/31/2016) |
| 03/31/2016 | 12 | NOTICE of Appearance by Anthony G. Sanchez on behalf of CARL BARBARINO, JENNIFER BURGESS-JOHNSON, DENISE GRAHAM-SHEALY, HEATHER HOOLAHAN, ROBERT HUDAK, DONALD KUHN, PENN HILLS SCHOOL DISTRICT, PENN HILLS SHOOL DISTRICT SCHOOL BOARD, JOHN ZACCHIA. (Sanchez, Anthony) (Entered: 03/31/2016) |
| 03/31/2016 | 13 | SUMMONS/Return of Service Executed by DAVAUN BARNETT. PENN HILLS SCHOOL DISTRICT SCHOOL BOARD served on 3/14/2016, ANSWER by PENN HILLS SCHOOL DISTRICT SCHOOL BOARD due 4/4/2016. (Mosser, Todd) Modified to insert dates described on document on 4/1/2016. (jv) (Entered: 03/31/2016) |
| 04/18/2016 | 14 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by CARL BARBARINO, JENNIFER BURGESS-JOHNSON, DENISE GRAHAM-SHEALY, HEATHER HOOLAHAN, ROBERT HUDAK, DONALD KUHN, PENN HILLS SCHOOL DISTRICT, PENN HILLS SHOOL DISTRICT SCHOOL BOARD, JOHN ZACCHIA. (Attachments: # 1 Proposed Order) (Sanchez, Anthony) (Entered: 04/18/2016) |
| 04/18/2016 | 15 | BRIEF in Support re 14 Motion to Dismiss for Failure to State a Claim, filed by CARL BARBARINO, JENNIFER BURGESS-JOHNSON, DENISE GRAHAM-SHEALY, HEATHER HOOLAHAN, ROBERT HUDAK, DONALD KUHN, PENN HILLS SCHOOL DISTRICT, PENN HILLS SHOOL DISTRICT SCHOOL BOARD, JOHN ZACCHIA. (Attachments: # 1 Exhibit A) (Sanchez, Anthony) (Entered: 04/18/2016) |
| 04/19/2016 | 16 | TEXT ORDER Response/Briefing Schedule re 14 Motion to Dismiss for Failure to State a Claim and 15 Brief in Support of Motion. Response to Motion due by 5/9/2016. Signed by Judge Terrence F. McVerry on 4/19/2016. Text-only entry; no PDF document will issue. This text-only entry constitutes the Order of the Court or Notice on the matter. (kly) (Entered: 04/19/2016) |
| 05/10/2016 | 17 | BRIEF in Opposition re 14 Motion to Dismiss for Failure to State a Claim, filed by DAVAUN BARNETT. (Attachments: # 1 Proposed Order) (Mosser, Todd) (Entered: 05/10/2016) |

| 05/10/2016 | 18 | First MOTION for Leave to File Brief in Opposition to Motion to Dismiss by DAVAUN BARNETT. (Attachments: # 1 Proposed Order, # 2 proposed response in opp to MTD, # 3 proposed Order re MTD) (Mosser, Todd) (Entered: 05/10/2016) |
| 05/10/2016 | 19 | ORDER granting 18 Plaintiff's Motion for Leave for this Court to Accept His Late Filed Response to Defendants' Motion to Dismiss. Signed by Judge Terrence F. McVerry on 5/10/2016. (rjw) (Entered: 05/10/2016) |
| 05/18/2016 | 20 | MEMORANDUM OPINION AND ORDER granting 14 Defendants' Motion to Dismiss for Failure to State a Claim. As explained more fully therein, Plaintiffs federal claims are dismissed with prejudice, while his breach of contract claim is dismissed without prejudice to Plaintiffs ability to refile it in the appropriate state court. Furthermore, Plaintiffs request for leave to amend is denied. Signed by Judge Terrence F. McVerry on 5/18/2016. (rjw) (Entered: 05/18/2016) |
| 06/16/2016 | 21 | NOTICE OF APPEAL as to 20 Order on Motion to Dismiss for Failure to State a Claim, by DAVAUN BARNETT. Filing fee $505, receipt number 0315-3993848. Motion for IFP N/A. Certificate of Appealability N/A. Court Reporter(s): N/A. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. The Transcript Purchase Order form will NOT be mailed to the parties. The form is available on the Court's internet site. (Mosser, Todd) (Entered: 06/16/2016) |
| 07/25/2016 | 23 | CERTIFIED ORDER of USCA in lieu of formal MANDATE as to 21 Notice of Appeal, filed by DAVAUN BARNETT, dismissing case, pursuant to F.R.A.P. 3(a) and LAR Misc. 107.2. (mlr3) (Entered: 07/25/2016) |
| 09/02/2016 | 24 | USCA ORDER REINSTATING APPEAL as to 23 USCA Certified Order in Lieu of Formal Mandate (Terminates Appeal) (mlr3) (Entered: 09/02/2016) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 03/27/2017 13:03:17 | | |
| PACER Login: | pd0099 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:16-cv-00274-TFM |
| Billable Pages: | 5 | Cost: | 0.50 |

## CERTIFICATE OF SERVICE

The attached document was e-filed, this 28th Day of March, 2017, and served on all parties electronically through the e-filing system.  Time stamped hard copies are also being mailed via first class mail to all counsel at their address of record.

RESPECTFULLY SUBMITTED

_____ /s /Todd M. Mosser_____
**TODD M. MOSSER**
**ATTORNEY ID #87534**